UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT F. RIVERA,

        Plaintiff,

v.                                              CASE NO. 08-12722
                                              HONORABLE PAUL D. BORMAN

JENNIFER M. GRANHOLM, *et al.*,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

Plaintiff Vincent F. Rivera has filed an application for leave to proceed without prepayment of the filing fee for this action and a *pro se* complaint against the Michigan Department of Corrections and several state and federal officials. He seeks declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He also alleges two pendent state claims for invasion of privacy and breach of the public trust.

A prisoner generally may not bring a civil action without prepaying the filing fee if, on three or more prior occasions, he brought a federal action or appeal that was dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). Three of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim. As noted by Magistrate Judge Margaret J. Kravchuk of the United States District Court for the District of Maine,

> [a] search in the United States Party/Case Index reveals that Rivera has filed well over 200 prior civil actions across the country. The Eleventh Circuit Court of Appeals has already determined that Rivera is subject to the limitation of §

> 1915(g).  *Rivera v. Allin,* 144 F.3d 719, 730-31 (11th Cir. 1998) *abrogated* on other *grounds by Jones v. Bock* __ U.S. __, 2007 WL 135890, * 10 (Jan. 22, 2077); see also *e.g., Rivera v. Lingle,* Civ. No. 06-00406 ACK-LEK, 2006 WL 2425551, *1 -2 (D. Haw. Aug. 21.2006).  Rivera's filing rights have also been circumscribed by and in the United States Supreme Court.  *Rivera v. Florida Dept. of Corrections,* 526 U.S. 135 (1999) ("Rivera has abused this Court's certiorari and extraordinary writ processes. . . .  We enter the order barring prospective filings.").

*Rivera v. Collins*, Civ. No. 07-014-B-S, slip op. at *1, 2007 WL 541645 (D. Me. Feb. 16, 2007) (unpublished).

As a result of Plaintiff's prior dismissals for frivolousness or for failure to state a claim, United States Magistrate Judge R. Steven Whalen ordered Plaintiff on July 24, 2008, to show cause why he should not be required to prepay the filing fee for this action.  Plaintiff filed a response to Magistrate Judge Whalen's order on August 5, 2008.  He does not deny that he has "three strikes," and he has not asserted the exception to § 1915(g) for prisoners that are "under imminent danger of serious physical injury."  Instead, he challenges the constitutionality of § 1915(g), specifically, on the ground that it violates the principle of separation of powers.

The United States Court of Appeals for the Sixth Circuit has upheld the constitutionality of § 1915(g), *see Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998), and "[n]o Supreme Court decision mandates modification of *Wilson . . . .*"  *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).  Furthermore, the Court of Appeals for the Eleventh Circuit has already considered Petitioner's constitutional argument and determined that "section 1915(g) does not violate the separation of powers."  *Rivera v. Allin*, 144 F.3d at 726.

The Court therefore rejects Petitioner's constitutional challenge to § 1915(g).  Because he has not prepaid the filing fee, nor shown "cause" for not complying with § 1915, his complaint is DISMISSED without prejudice.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: October 6, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 6, 2008.

        s/Denise Goodine
        Case Manager