UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT F. RIVERA,

        Plaintiff,

                              CASE NO. 08-12722

v.

                              PAUL D. BORMAN

JENNIFER M. GRANHOLM, *et al.*,        UNITED STATES DISTRICT JUDGE

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY AND HIS MOTION TO PROCEED WITHOUT PREPAYMENT OF THE APPELLATE FEES AND COSTS**

       Plaintiff Vincent F. Rivera has appealed the Court's dismissal of his *pro se* civil rights complaint.  The Court's dismissal was based on 28 U.S.C. § 1915(g), which states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court found that three or more of Plaintiff's prior complaints had been dismissed as frivolous or for failure to state a claim, and because Plaintiff did not prepay the filing fee or show "cause" why his complaint should not be dismissed, the Court dismissed the complaint without prejudice.

       Currently before the Court are Plaintiff's application for a certificate of appealability and motion to proceed without prepayment of the appellate filing fee and costs.  "[A] certificate of appealability is not necessary for a prisoner civil rights appeal. . . ."  *Alexander v. Lucas*, 259

Fed. Appx. 145, 149 n.2 (10th Cir. 2007) (unpublished) (citing *Lawson v. Engleman,* 67 Fed. Appx. 524, 527 n.4 (10th Cir. 2003) (unpublished)), *cert. denied*, __ U.S. __, 128 S. Ct. 1486 (2008).  Therefore, Plaintiff's application for a certificate of appealability (Dkt. No. 10) is **DENIED**.

The motion to proceed without prepayment of the appellate filing fee and costs (Dkt. No. 12) likewise is **DENIED**.  As noted, three or more of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim, and § 1915(g) bars Plaintiff from bringing an appeal without prepaying the appellate filing fee.  Although an exception to the "three strikes" rule of § 1915(g) exists for prisoners that are "under imminent danger of serious physical injury," Plaintiff has not alleged that he is under imminent danger of serious physical injury.  The Court, moreover, determined in its dispositive opinion that Plaintiff's challenge to the constitutionality of § 1915(g) lacked merit.  *See Pointer v. Wilkinson*, 502 F.3d 369, 377-78 (6th Cir. 2007); *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).  Therefore, Plaintiff must prepay the appellate filing fee.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 13, 2009.

                                                S/Denise Goodine
                                                Case Manager